UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

|  |  |
|---|---|
| UNITED STATES OF AMERICA,<br><br>        v.<br><br>RAHIM GILBERT,<br><br>        Defendant. | HONORABLE JOSEPH E. IRENAS<br><br>CRIMINAL ACTION NO. 11-252<br>(JEI)<br><br>**OPINION** |

**APPEARANCES**:

UNITED STATES OF AMERICA
By:  Gurbir S. Grewal
Jose R. Almonte
970 Broad Street, Suite 700
Newark, New Jersey 07102
        Counsel for Government

FEDERAL PUBLIC DEFENDERS
By:  Maggie F. Moy
800-840 Cooper Street
Suite 350
Camden, New Jersey 08102
        Counsel for Defendant

RAHIM GILBERT
Reg. No. 63375-050
FDC-Philadelphia
P.O. Box 562
Philadelphia, PA 19105
        Pro Se

**IRENAS**, Senior District Judge:

    Defendant Rahim Gilbert was convicted of one count of

possessing a firearm by a convicted felon, a violation of 18

U.S.C. § 922(g)(1).  He now moves, *pro se*, for: (1) a judgment of

acquittal pursuant to Fed. R. Crim. P. 29; (2) a new trial

pursuant to Fed. R. Crim. P. 33; and (3) bail pursuant to 18

U.S.C. §§ 3142-43.  For the reasons that follow, Defendant's
motions are denied.


## I. PROCEDURAL BACKGROUND

On January 4, 2011, officers of the Newark Police Department
("NPD") arrested Defendant at the New Community Housing
Corporation apartment complex located at 72 Hayes Street in
Newark.  Three months later, on April 15, 2011, Defendant was
indicted by a federal grand jury with a one-count Indictment
charging the violation of 18 U.S.C. § 922(g)(1).[1]  Dkt. No. 1.
On April 28, 2011, Defendant had his initial appearance before
Magistrate Judge Claire Cecchi and pleaded not guilty.  Dkt. No.
4.

After three Ends of Justice continuances, trial was
scheduled for February 26, 2012.  Before trial, Defendant moved
to dismiss the Indictment for lack of federal jurisdiction and to
direct the government to provide *Brady/Giglio* material and expert
testimony summaries.  Dkt. No. 13, 20.  The motions were denied,
either as moot or on the merits, following a motion hearing held
February 21, 2012.  Dkt. No. 26.

Defendant also moved to compel discovery of the personnel
files of the officers involved in his arrest, citing a petition

---

[1] Specifically, Defendant was charged with possessing a
loaded silver Taurus Millennium 45 cal. firearm bearing serial
number NUK 18970.  Dkt. No. 1.

from the American Civil Liberties Union to the Department of Justice as evidence of the Newark Police Department's history of false arrests, excessive force, and other abuses.  Dkt. No. 13, Ex. A.  The Court conducted an *in camera* review of the files on February 24, 2012 and held that they did not contain any discoverable materials.  Dkt. No. 26.

Voir dire was held February 26, 2012.  Trial commenced the following day.  The government called to testify NPD Sergeant William Connolly, NPD Officer Norman Richardson, and ATF Special Agent Michael Alongi.  The government also entered into evidence the gun, its ammunition, photographs of the scene of the arrest, and four stipulations.[2]  Dkt. No. 30.

After the conclusion of the government's case, Defendant moved for a judgment of acquittal pursuant to Fed. R. Crim. P. 29(a); the motion was denied.  Defendant then called NPD Identification Officer Roderick Brown as a witness.  The prosecution, in rebuttal, called Sergeant Connolly.  Dkt. No. 31.

On March 1, 2012, having been charged the previous day, the jury asked the court two questions: whether it could see the gun,

---

[2] The parties stipulated that I) the firearm and ammunition identified in the Indictment are a firearm and ammunition, respectively, within the meaning of the United States Code (Gov't. Ex. 7); II) the firearm and ammunition were in and affecting commerce (Gov't. Ex. 8); III) Defendant has been convicted of a crime punishable by more than a year imprisonment prior to his arrest (Gov't. Ex. 9); and IV) the firearm was examined fo fingerprints and none were found (Gov't. Ex. 17).

3

which was provided, and the height of Defendant.  Dkt. No. 32.
In response to the latter, and with the approval of both parties,
the Court asked Defendant to stand in the presence of the jury.
Several hours later, the jury found Defendant guilty.  Dkt. No.
35.

Defendant timely filed the instant *pro se* motions on March
29, 2012.[3]


## II. STATEMENT OF LAW

Defendant seeks a judgment of acquittal and, in the
alternative, a new trial.

Federal Rule of Criminal Procedure 29(a) states: "...[T]he
court on the defendant's motion must enter a judgment of
acquittal of any offense for which the evidence is insufficient
to sustain a conviction."  In reviewing a Rule 29 post-verdict

---

[3] Defendant was represented by Maggie Moy, Esq. at trial.
Despite this Circuit's prohibition on hybrid representation, see
*United States v. Essig*, 10 F.3d 968, 973 (3d Cir. 1993) (holding
that a court need not consider pro se motions filed by a
defendant who is represented by counsel), this Court entertains
Defendant's pro se submissions because, in light of Rule 29 and
Rule 33's filling requirements, see Fed. R. Crim. P.
29(c)(1)(granting a defendant 14 days after a guilty verdict, or
after the court discharges the jury, whichever is later, to move
for a judgment of acquittal), Fed. R. Crim. P. 33(b)(2) (14 days
"from the verdict or finding of guilty") his moving papers, as
submitted, was his only opportunity to assert such claims.
Furthermore, Ms. Moy was given an opportunity to supplement
Defendant's submissions, thereby unifying Defendant's defense.
Lastly, because of such timing, the Court rules that a *Faretta*
hearing is unnecessary.

motion, a district court must "review the record in the light most favorable to the prosecution to determine whether any rational trier of fact could have found proof of guilt beyond a reasonable doubt based on the available evidence." *United States v. Wolfe*, 245 F.3d 257, 261 (3d Cir. 2001) (citation omitted). The court is required to "draw all reasonable inferences in favor of the jury verdict." *United States v. Anderskow*, 88 F.3d 245, 251 (3d Cir. 1996). This is a "particularly deferential standard of review" and reviewing courts "must be ever vigilant . . . not to usurp the role of the jury by weighing credibility and assigning weight to the evidence, or by substituting [the court's] judgment for that of the jury." *United States v. Boria*, 592 F.3d 476, 480 (3d Cir. 2010) (quotations omitted). Thus, a finding of insufficiency should "be confined to cases where the prosecution's failure is clear." *United States v. Leon*, 739 F.2d 885, 891 (3d Cir. 1984) (quotations omitted).

Federal Rule of Criminal Procedure 33(a) holds that, "Upon the defendant's motion, the court may vacate any judgment and grant a new trial if the interest of justice so requires." A district court "can order a new trial on the ground that the jury's verdict is contrary to the weight of the evidence only if it believes that there is a serious danger that a miscarriage of justice has occurred - that is, that an innocent person has been convicted." *United States v. Davis*, 397 F.3d 173, 181 (3d Cir.

5

2005) (quoting *United States v. Johnson*, 302 F.3d 139, 156 (3d Cir. 2002)).  "Unlike an insufficiency of the evidence claim, when a district court evaluates a Rule 33 motion it does not view the evidence favorably to the Government, but instead exercises its own judgment in assessing the Government's case." *United States v. Brennan*, 326 F.3d 176, 189 (3d Cir. 2003). Nonetheless, motions for a new trial based on the weight of the evidence are not favored and should be granted sparingly and only in exceptional cases.  *Id*.

## III. DISCUSSION

Defendant's motions do not meet their respective legal burdens; consequently, they are denied.  Each is handled in turn.

A. Rule 29

To convict Defendant of the underlying offense, the government was required to prove three elements beyond a reasonable doubt: (I) that Defendant, prior to his arrest, had been convicted of a crime punishable by imprisonment for a term exceeding one year; (II) that he knowingly possessed the firearm and ammunition described in the Indictment; and (III) that his possession of the firearm and ammunition was in or affected commerce.  Jury Charge, Dkt. No. 33, p. 18-22.

Defendant attacks his conviction by arguing that the government failed to prove the second element.  He writes, "[N]o

6

evidence has been adduced to show that this Defendant actually possessed the "Gun".  Sgt. Connolly, was not on the scene, and out of five (5) Officer [no one] on the scene [c]orroborated Officer Connolly's claims."  Def. Reply Brief ¶ 14 (brackets, quotations, and capitalization in original).  Because Defendant is inaccurate in his description of the evidence entered, and because the record could in fact lead a rational trier of fact to find Defendant guilty beyond a reasonable doubt, Defendant's motion for acquittal fails.[4]

NPD Sergeant William Connolly and Officer Norman Richardson both testified that upon exiting their vehicles they saw Defendant run from the parking lot, where he had been standing with other individuals, and into the apartment complex.[5]  The

---

[4] It is beyond dispute that the government put forward sufficient evidence to prove the first and third elements beyond a reasonable doubt.  Stipulations agreed to by the parties stated that Defendant had previously been convicted of a crime punishable by a term of imprisonment exceeding one year, Govt Ex. 9, the firearm and ammunition identified in the Indictment constituted a firearm and ammunition, respectively, Gov't. Ex. 7, and Defendant's possession of the two was in and affecting interstate commerce, Gov't. Ex. 8.  Furthermore, the government elicited testimony from Special Agent Michael Alongi of the Bureau of Alcohol, Tobacco, Firearms and Explosives, that held that the firearm and ammunition  identified satisfied the federal definitions of firearm and ammunition, that the firearm was operable, and that the firearm and ammunition traveled in interstate commerce because they were manufactured outside New Jersey.

[5] The officers testified further that the group disbanded when someone yelled either "the Boys" or "88," two terms used to signify police presence.

7

witnesses testified that they followed Defendant into the complex, where they observed him running with a firearm along the exposed, second floor walkway.  The officers testified that they proceeded up a stairwell at the northern end of the complex and saw Defendant discard the firearm into the snow.  Officer Richardson testified that he pursued Defendant and apprehended him soon thereafter while Sergeant Connolly testified that he recovered the firearm, secured it, and delivered it to the crime scene unit.

The government also played for the jury the recording of a radio transmission during which Sergeant Connolly is heard to be out of breath.  The prosecutor described the recording as corroboration of Sergeant Connolly's testimony that he had just finished chasing Defendant.

Such evidence, viewed in a light most favorable to the prosecution, leads this Court to conclude that a rational trier of fact could find, beyond a reasonable doubt, Defendant knowingly possessed a firearm and is thus guilty of the charged offense.

B. Rule 33

Defendant argues in his supporting brief that a new trial is necessary because (I) the Court improperly quashed certain subpoenas and violated his due process rights and Sixth Amendment

right to call witnesses, (II) the jury charge was deficient in clearly defining the elements of the crime and the "Instruction on Commerce and federal Jurisdiction," and (III) "the original Police Report" was improperly excluded.[6] Def. Br. ¶ 21.  The Court finds Defendant's unsupported claims do not pose a serious danger that a miscarriage of justice has occurred.[7]

Pre-trial, Defendant moved this Court to order the government to provide for inspection the personnel files of those NPD officers who took part in Defendant's arrest.  Def. Omnibus Mot. p. 10.  The government provided the Court with the requested files and, after an *in camera* review in which no relevant evidence was found, the Court denied with prejudice the motion. Dkt. No. 26.  The denial of this motion was not a miscarriage of justice as the excluded files contained no relevant evidence. Furthermore, Defendant's claim that his Sixth Amendment

---

[6] Defendant also repeats, in his motion for a new trial, his claim that the evidence presented was insufficient to support a finding of guilt.  Viewing the evidence described in III.A. through the less deferential lens called for by a Rule 33 motion, the Court finds its weight not contrary to the verdict.

[7] Without support or clarification, Defendant alleges a Fed. R. Crim. P. 43 violation.  Def.'s Brief at 9.  His claim is without merit.  Relevant to the instant motion, he was present at "every trial stage, including jury impanelment and the return of the verdict." *Id.*  Equally unmoving is his claim for a new trial because of newly discovered evidence.  Defendant failed to describe in anyway additional evidence not included at trial, let alone material evidence that would probably produce an acquittal. *See United States v. Saada*, 212 F.3d 216 (3d Cir. 2000) (articulating five requirements a convicted defendant must meet to obtain a new trial based on newly discovered evidence).

confrontation right was violated is equally unpersuasive.
Defendant was allowed to call any witness of his choosing, and
was assisted by the government in calling NPD Identification
Officer Brown.

Likewise, Defendant's claims attacking the jury charge are
unpersuasive.  The Court charged the jury pursuant to the Third
Circuit Model Jury Instructions, to which the Defendant has
previously consented.  *See* Jury Charge, Dkt. No. 33.  The
instructions read to the jury clearly defined the elements of the
offense, including the jurisdictional nexus to which Defendant
refers in his submissions.[8]

_____

[8] Jury Charge 20: "The third element the government must
prove  beyond a reasonable doubt is that the firearm and
ammunition specified in the indictment were in or affecting
interstate or foreign commerce.  This means that the government
must prove that at some time before the defendant's possession,
the firearm and ammunition had traveled in interstate or foreign
commerce.
The parties have stipulated that the Taurus .45 caliber
firearm bearing serial number NUK18970 and marked as Government's
Exhibit No. 1, and the rounds of .45 caliber ammunition marked as
Government's Exhibit No. 2, were manufactured outside of New
Jersey and therefore were in and affecting commerce.
You should therefore treat these facts as having been
proved.  You are not required to do so, however, since you are
the sole judge of the facts.
It is sufficient for the government to satisfy this element
by proving that at any time prior to the date charged in the
indictment, the firearm and ammunition crossed a state line or
the United States border.  The government does not need to prove
that Rahim Gilbert carried them across a state line, or to prove
who carried them across or how they were transported.  It is also
not necessary for the government to prove that Rahim Gilbert knew
that the firearm and ammunition had traveled in interstate
commerce.
In this regard, there has been evidence that the firearm and

Lastly, Defendant alleges that the Court erred by not entering "the original Police Report...to prove insufficiency." Def. Br. ¶ 15. Defendant appears to be referring to the crime scene report that Officer Brown spoke of during his testimony. *See* Tr. Feb. 29, 2012, 21 10:15-23:8. Officer Brown testified that the crime scene report fallaciously stated that he had visited the crime scene and recovered the gun therefrom. *Id.* Officer Brown explained that in fact he was brought the gun by Sergeant Connolly. *Id.* Upon Defendant's motion to enter the report into evidence, the government objected and the Court excluded the report, holding that there was "no indicia of reliability." *Id.* at 23:4. The exclusion of the erroneous report does not indicate a miscarriage of justice because its effect would only be to confuse the jurors. The jury heard that the police were inaccurate in filling out the requisite paperwork and were able to weigh that evidence however they so chose. The fact the report was not additionally entered does not indicate that an injustice has occurred.

**IV. CONCLUSION**

---

ammunition in question were manufactured in a different country than the state where Rahim Gilbert is charged with possessing it. You are permitted to infer from this fact that the firearm and ammunition traveled in interstate commerce; however, you are not required to do so."

In light of the foregoing, Plaintiff's motions are denied.[9]
An Order will accompany this opinion.


**IT IS** on this ____ day of June, 2012,


_____
JOSEPH E. IRENAS
Senior United States District Judge


---

[9] Because Defendant's motions for acquittal and a new trial are denied, his motion for bail pursuant to 18 U.S.C. §§ 3142-43 is also denied.

12